■ EVELYN SEEBERGER, as Parent and Natural Guardian of JEFFREY DUFUR, an Infant, et al., Respondents, v RUTH LE GARE, as Parent and Natural Guardian of RONALD LE GARE, an Infant, et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered April 24, 1974 in Rensselaer County, which granted plaintiffs' motion to dismiss a counterclaim contained in defendants' answer. On October 23, 1972 Ronald Le Gare, an infant between the ages of 14 and 16 years old, accidentally shot Jeffrey Dufur, an infant also between the ages of 14 and 16, in the

hand with a shotgun while the two boys were hunting. Apparently, both boys were licensed, but neither was accompanied by a licensed parent or guardian or other designated person as required by section 11-0929 of the Environmental Conservation Law. The plaintiff parent commenced this action against the defendants alleging, among other things, that the defendant was negligent in allowing her son to hunt without competent supervision. The defendant counterclaimed alleging that the plaintiff parent also failed to exercise required supervision and, accordingly, should be liable for contribution in the event of a recovery on behalf of the plaintiff infant pursuant to the rule of *Dole v Dow Chem. Co.* (30 NY2d 143). As found by Special Term, section 11-0929 of the Environmental Conservation Law does not impose a duty on the part of a parent to protect his or her child from suffering injuries while hunting. In the recent case of *Holodook v Spencer* (43 AD2d 129, affd 36 NY2d 35) it was held that, as a matter of common law, an infant does not have a cause of action against his parent based upon negligent supervision. Accordingly, there is no basis whereby a recovery could be had upon the counterclaim asserted pursuant to the *Dole* case, and the counterclaim was subject to dismissal. Order affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.